FILED
JEANNE A. NAUGHTON, CLERK
FEB 28 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**PAMELA E. GUICE,**<br><br>Debtor. | Case No.:    18-27443 (JKS)<br><br>Judge:    Sherwood |

### DECISION AND ORDER RE:
### MARLBOROUGH HOUSE ASSOCIATION, INC.'S
### OBJECTION TO CONFIRMATION OF PLAN

The relief set forth on the following pages, numbered three (3) through twelve (12), is hereby **ORDERED**.

HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    February 28, 2019

**Page 2**
Debtor:    Pamela E. Guice
Case No.:  18-27443 JKS
Caption:   **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

## **APPEARANCES**

**Law Offices of Marc G. Alster, LLC**
Marc G. Alster, Esq.
Two University Plaza
Suite 311
Hackensack, New Jersey 07601
*Counsel for Debtor*


**Buckalew, Frizzell & Crevina LLP**
David G. Frizzell, Esq.
Heritage Plaza I
55 Harristown Road
Suite 205
Glen Rock, New Jersey 07452
*Counsel for Marlborough House Association, Inc.*

**Page 3**
Debtor:    Pamela E. Guice
Case No.:   18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

## WHEREAS:

1. On August 30, 2018, Pamela E. Guice ("Debtor") filed her Chapter 13 petition. The Debtor resides in a condominium unit in Lodi, New Jersey. Marlborough House Association, Inc. ("Marlborough"), the Debtor's condominium association, filed a secured proof of claim in the bankruptcy case for maintenance, attorneys' fees, costs and other fees assessed against the Debtor in the amount of $38,045.12. The Debtor's Chapter 13 plan seeks to "cram down" Marlborough's claim to the amount secured pursuant to N.J.S.A. 46:8B-21, six months of condominium assessments, and treat the balance of the claim as unsecured.[1] Marlborough objected to this treatment arguing that its secured claim cannot be modified and has to be paid in full.

2. The Court has reviewed the pleadings and the arguments of counsel, and for the reasons set forth below (and discussed on the record at the hearing), the Court finds that Marlborough obtained a security interest in the Debtor's primary residence along with a judgment lien on any and all of Debtor's real and personal property. Therefore, Marlborough has a claim secured by more than a security interest in Debtor's primary residence which is not protected against modification pursuant to 11 U.S.C. § 1322(b)(2).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

3. The Debtor owns a condominium unit with an estimated market value of $140,000 located at 44 South Main Street, Unit 5J, Lodi, New Jersey (the "Condo"). The Condo is subject to a first mortgage held by Mr. Cooper for $185,000 and consensual liens held by Marlborough totaling $38,045.12.[2]

---

[1] The Debtor's Modified Plan [ECF No. 24] does not specify the amount of Marlborough's secured claim or how it is going to be paid. Marlborough's treatment under the Chapter 13 plan was disclosed only in the Debtor's brief and at oral argument.
[2] Petition and Schedules, ECF No. 1 and Amended Schedules, ECF No. 19.

**Page 4**
Debtor:    Pamela E. Guice
Case No.:  18-27443 JKS
Caption:   **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

4. The Debtor's Chapter 13 plan provides for monthly plan payments of $200 and seeks to reclassify Marlborough's $38,045.12 secured claim as an unsecured claim.[3] The Debtor is also proposing to pay her $185,000 mortgage against the Condo in full outside of the plan. If Marlborough's secured claim must be paid in full as Marlborough suggests, the Debtor will be paying approximately $225,000 of "secured" claims against an asset worth $140,000. Also, it is likely that if the Debtor's plan fails, Marlborough will get nothing more than the six months of condominium assessments in a foreclosure.

5. On November 26, 1980, a Master Deed for the Condo was recorded in the Bergen County Clerk's Office. The Master Deed incorporates the New Jersey Condominium Act, N.J.S.A. 46:8B-1, *et. seq.* (the "Condominium Act"). The Master Deed and the Condominium Act provide that all charges and expenses chargeable to any unit shall constitute a lien against said unit, that liens for unpaid assessments may be foreclosed by suit in the same manner as a foreclosure of a mortgage on real property and that a suit to recover a money judgment for unpaid assessments may be maintained without waiving the lien securing the same.[4]

6. On November 27, 2013, the Superior Court of New Jersey, Bergen County Law Division, Special Civil Part entered a final judgment (the "Judgment") for Marlborough against the Debtor for $11,713.36 based on assessments due from the Debtor. The Judgment was docketed on January 15, 2014.[5]

---

[3] Chapter 13 Plan, ECF No. 2 and First Modified Chapter 13 Plan, ECF No. 24.
[4] Master Deed, ECF No. 18 at Ex. D, ¶¶ 1, 8 and 26 and N.J.S.A. 46:8B-21(a) and (f).
[5] Final Judgment, ECF No. 18 at Ex. C.

**Page 5**
Debtor:   Pamela E. Guice
Case No.:  18-27443 JKS
Caption:   **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

7. On December 18, 2013, Marlborough served a copy of the Judgment on the Debtor. In the cover letter, Marlborough asserted that – "The Judgment constitutes a lien on any and all real property in the State which you presently own, and against any property you may acquire in the future."[6]

8. On April 25, 2014, the Superior Court entered an Order Granting Issuance of a Writ of Execution to Levy Upon Real Property Pursuant to New Jersey Court Rule 4:59-1.[7] Under this Rule, Marlborough was required to execute against the Debtor's personal property before it could be authorized to proceed with a sale of the Condo. Apparently, the Debtor's personal property was insufficient to satisfy the Judgment because a sheriff's sale of the Condo occurred on September 26, 2014 and Marlborough was the purchaser at the sale. But, based on a prior bankruptcy by the Debtor filed in July 2010, the Debtor alleged that the sheriff's sale was conducted in violation of the automatic stay. The parties negotiated a settlement which was memorialized by a letter dated January 26, 2015. In relevant part, the settlement provided that (i) the Debtor would pay her past-due condominium charges over time; (ii) Marlborough would hold off on enforcement of the Judgment; and (iii) Marlborough would vacate the sheriff's sale of the Condo. It appears that the Debtor made some payments due under the settlement, but only through August 2015. The record does not show any payments on account of past-due or current condominium charges for the three-year period from August 2015 to the filing of this Chapter 13 case in August 2018.[8]

---

[6] 12/18/13 letter, ECF No. 33, at Ex. A, p. 8.
[7] *Id.*, at Ex. A, pp. 12-13.
[8] *Id.*, at Ex. A., pp. 19-28 and Ex. B.

**Page 6**
Debtor:   Pamela E. Guice
Case No.: 18-27443 JKS
Caption:  **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

9. On October 1, 2015, apparently due to the Debtor's non-payment under the settlement after August 2015, Marlborough recorded an amended lien on the Condo in the amount of $23,956.63 for unpaid condominium association assessments.[9]

## MODIFICATION OF SECURED CLAIMS UNDER § 1322(b)(2)

10. Marlborough contends that the Debtor's plan violates 11 U.S.C. § 1322(b)(2) by attempting to modify its claims because it is "secured only by a security interest in real property that is the Debtor's principal residence."[10] The Debtor argues that, with the exception of Marlborough's six-month super-priority claim pursuant to N.J.S.A. 46:8B-21, Marlborough's liens can be avoided in spite of 11 U.S.C. § 1322(b)(2) because Marlborough was secured by more than its consensual lien against the Debtor's Condo.[11]

11. Pursuant to N.J.S.A. 46:8B-21, a condominium association "shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses . . . [and] [such] [lien] . . . *shall have a limited priority over prior recorded mortgages and other liens* . . . [in] [an] amount of which shall not exceed the aggregate customary condominium assessment against the unit owner for the six-month period prior to the recording of the lien."[12] Pursuant to § 1322(b)(2) of the Bankruptcy Code, a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured *only* by a security interest in real property that is the debtor's principal residence."[13] Interpreting § 1322(b)(2), the Third Circuit in *In re McDonald* held, "if any part of

---

[9] ECF No. 18, at Ex. B.
[10] Certification of David G. Frizzell, ECF No. 18 at ¶ 11.
[11] Response to Secured Creditor, Marlborough House Association's Original October 31, 2018 Objection and December 6, 2018 Letter Brief in Further Objection to Confirmation of the Debtor's Chapter 13 Plan, ECF No. 32 at ¶¶ 9-11.
[12] N.J.S.A. 46:8B-21(a) and (b)(1) (emphasis added).
[13] 11 U.S.C. § 1322(b)(2) (emphasis added).

Case 18-27443-JKS    Doc 38    Filed 02/28/19    Entered 02/28/19 11:33:36    Desc Main
Document    Page 7 of 12

**Page 7**
Debtor:    Pamela E. Guice
Case No.:    18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

[a] [creditor's] claim is secured, then the entire claim, both secured and unsecured parts, cannot be modified."[14] Because of the six-month priority, New Jersey condominium associations assert that their liens cannot be modified because they are secured – at least in part. This view is not popular with debtors' counsel in Chapter 13 cases because it is much harder to confirm a Chapter 13 plan where all of the outstanding condominium charges have to be paid in full. But, federal courts in New Jersey have held that because condominium liens are consensual liens that are partially secured under N.J.S.A. 46:8B-21, they cannot be modified or stripped off in a Chapter 13 plan.[15] On the other hand, at least two bankruptcy courts in this District have allowed the secured claims of condominium associations to be stripped down to the six-month priority, with the balance of the claim being treated as unsecured. These courts based their decisions on the view that a condominium lien is <u>both</u> a statutory lien and a consensual lien. The existence of the statutory lien in favor of condominium associations means that they cannot rely on the anti-modification protections of § 1322(b)(2) of the Bankruptcy Code – such protections are reserved for creditors secured "only by a security interest in real property."[16]

12. Before picking a side in the split among the New Jersey federal courts on the treatment of condominium liens under § 1322(b)(2), the Court must consider a different question that is presented by the facts here – the significance of the lien rights that Marlborough acquired because of the Judgment.

---

[14] *In re McDonald*, 205 F.3d 606, 612 (3d Cir. 2000).
[15] See *In re Rones*, 551 B.R. 162, 171 (D.N.J. 2016); *In re Holmes*, 573 B.R. 549, 573-74 (Bankr. N.J. 2017).
[16] *In re Keise*, 564 B.R. 255, 263-65 (Bankr. N.J. 2017); *In re Smiley*, 569 B.R. 377, 393 (Bankr. N.J. 2017).

**Page 8**
Debtor:     Pamela E. Guice
Case No.:   18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

13. Section 101 of the Bankruptcy Code defines the term "lien" as "a charge against or interest in property to secure payment of a debt or performance of an obligation." The Code distinguishes three types of liens:

    i. A "security interest" is a lien created by an agreement.

    ii. A "judicial (judgment) lien" is a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

    iii. A "statutory lien" is a lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.[17]

14. Thus, a judgment lien is different than a security interest. The Court must determine whether the Judgment gave Marlborough something more than a security interest in Debtor's Condo and, if so, whether these additional rights mean that § 1322(b)(2) no longer applies to Marlborough's claim.

## Judgment Lien on Debtor's Real Property

15. As discussed above, § 101 of the Bankruptcy Code defines the term "judgment lien" as "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The docketing of a judgment creates a lien upon the judgment debtor's real property under New Jersey law.[18] Therefore, the Judgment entered on November 27, 2013 and docketed on January 15, 2014 gave Marlborough a judgment lien against all of the Debtor's real property, including the Condo, without any need to obtain a writ of execution. The record shows that the Debtor's only real estate

---

[17] 11 U.S.C. § 101, (36), (37), (51) and (53).
[18] *In re Blease,* 605 F.2d 97, 98 (3d Cir. 1979).

**Page 9**
Debtor:     Pamela E. Guice
Case No.:   18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

was the Condo. Thus, the Judgment did not give Marlborough any new lien rights against the Debtor's real estate that it did not already have by virtue of its security interest.

16. Marlborough's Judgment has to be compared to a foreclosure judgment. The Third Circuit Court of Appeals has held that following the entry of a foreclosure judgment, a mortgage lender continues to have a "security interest" within the meaning of 11 U.S.C. § 1322(b) that cannot be modified.[19] The Court reached this conclusion despite the fact that the mortgage lender had both a foreclosure judgment and a security interest to secure its claim. But, the Third Circuit's decision makes sense because a foreclosure judgment is the means by which a mortgage lender enforces its security interest in a residence. Also, under N.J.S.A. 2A:50-2, a mortgage lender cannot sue its borrower for a deficiency judgment until the foreclosure sale has occurred. Thus, under New Jersey law, mortgage lenders only have the right to enforce their security interest in the residence up to the point of the foreclosure sale. Only after that can they sue the borrowers personally for the balance due.

17. But here, Marlborough pursued an *in personam* judgment against the Debtor instead of a foreclosure. The Judgment provided Marlborough with the right to look to the Debtor's real <u>and personal</u> property for satisfaction if payment was not made. In this important respect, Marlborough's Judgment was different than a typical mortgage lender's foreclosure judgment.

### Judgment Lien on Debtor's Personal Property

18. The Judgment gave Marlborough a right to locate and request a writ of execution against the Debtor's personal property. But, to secure a lien on personal property, a judgment creditor must

---

[19] *First Nat'l Fidelity Corp. v. Perry*, 945 F.2d 61, 64 (3d Cir. 1991).

Case 18-27443-JKS    Doc 38    Filed 02/28/19    Entered 02/28/19 11:33:36    Desc Main
Document    Page 10 of 12

**Page 10**
Debtor:    Pamela E. Guice
Case No.:    18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

obtain a writ of execution and levy on a debtor's personal property.[20]  Accordingly, the Judgment did not create a lien against Debtor's personal property unless Marlborough obtained a writ of execution and levied on it.  On April 25, 2014, the Superior Court entered an order allowing Marlborough to levy upon Debtor's real property.[21]  New Jersey Court Rule 4:59-1 sets forth the process to enforce a judgment or order for the payment of money.  It states, "[t]he execution shall be made out of the judgment-debtor's personal property before the judgment-creditor may proceed to sale of the debtor's real property.  If the debtor's personal property is insufficient or cannot be located, the judgment creditor shall file a motion, on notice, for an order permitting the sale of the real property."[22]  Similarly, N.J.S.A. 2A:17-1 sets forth the "sequence of execution; against goods and chattels and real estate" and requires a sheriff to first levy on a debtor's goods and chattels and, if insufficient, to levy on a debtor's real property.[23]  In *Borromeo v. DiFlorio*, the New Jersey Appellate Division found it is the responsibility of [a] judgment creditor to "conduct discovery to locate and identify the property to be levied upon."  The Court held, "in order to comply with the requirements of N.J.S.A. 2A:17-1, [a] judgment creditor must make a good faith attempt to ascertain the location of [a] debtor's personalty . . . and supply this information to the sheriff along with the writ of execution.  [T]he test is not whether all possible measures to locate personalty have been undertaken, but rather has the judgment creditor exerted reasonable efforts in good faith to locate personal property."[24]

---

[20] *In re Blease*, 605 F.2d 97, 98 n.2 (3d Cir. 1979).
[21] ECF No. 33, at Ex. 1, pp. 12-13.
[22] R. 4:59-1(a) and (d).
[23] N.J.S.A. 2A:17-1.
[24] *Borromeo v. DiFlorio*, 976 A.2d 388, 395 (N.J. Super. Ct. App. Div. 2009).

**Page 11**
Debtor:     Pamela E. Guice
Case No.:   18-27443 JKS
Caption:    **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

19. Marlborough was required to take the steps pursuant to New Jersey Court Rule 4:59-1(d) and N.J.S.A. 2A:17-1 to locate the Debtor's personal property prior to levying on the Debtor's real property. The record shows that Marlborough served discovery requests on the Debtor to locate personal property that might be subject to a levy.[25] The Court presumes that Marlborough could not locate the Debtor's personal property and thus could not perfect its judgment lien against the Debtor's personal property. Had Marlborough levied on the Debtor's personal property pre-petition, it seems clear that it would have had more than a security interest in the Condo and the anti-modification provisions of § 1322(b)(2) would not apply. Marlborough's "bundle of rights" against the Debtor included not only its consensual security interest against the Condo, but also potential lien rights against the Debtor's personal property – which were never perfected, and any other real property that the Debtor owned or acquired after the Judgment – which did not exist. Thus, although the Judgment gave Marlborough extra potential sources of recovery, the lien created by the Judgment attached only to the Condo.

20. Applying this state of affairs to § 1322(b)(2), Marlborough was secured by both a security interest and a judgment lien against the Condo when this case was filed. Thus, Marlborough's secured claim does not squarely fit into the section's anti-modification protections. The fact that Marlborough's judgment lien gave it no additional collateral has made this decision more difficult. But the bottom line is that an *in personam* judgment lien against the Debtor and a security interest in the Condo are two different things – and Marlborough had both.

---

[25] ECF No. 33, at Ex. A, pp. 8-10.

**Page 12**
Debtor:    Pamela E. Guice
Case No.:  18-27443 JKS
Caption:   **Decision and Order Re: Marlborough House Association, Inc.'s Objection to Confirmation of Plan**

Now, therefore, it is hereby **ORDERED**:

1. For the foregoing reasons, Marlborough's Objection to Confirmation of Plan on the basis of § 1322(b)(2) of the Bankruptcy Code is overruled.

2. The Debtor shall file an amended Chapter 13 plan forthwith which specifically sets forth the amount and treatment of Marlborough's claim. Payments on account of Marlborough's secured claim shall be made retroactive to the original plan filing date. At confirmation, the Debtor must demonstrate that she is current on all post-petition amounts due to the condominium association and that she will have the ability to stay current on these payments going forward.